UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SEBASTIAN DIEZ GOMEZ | CIVIL ACTION NO. 26-0383 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN RIVER CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE AYO |

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order (Prohibiting Transfer) (Record Document 2) filed by the habeas petitioner in this case, Sebastian Diez Gomez ("Petitioner"). Petitioner is a Columbian national who was detained on May 27, 2025. In his Habeas Petition, which has been deemed deficient by the Court, he challenges his prolonged detention without any meaningful custody review, i.e., a bond hearing. See Record Documents 1 & 4. In the instant motion, he seeks a temporary restraining order prohibiting Respondents from transferring him outside the Western District of Louisiana during the pendency of his Habeas Petition. See Record Document 2.

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often

than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Here, Petitioner cannot demonstrate that he is likely to succeed on the merits of his Habeas Petition in light of the Fifth Circuit's recent holding in Buenrostro-Mendez v. Bondi, No. 25-20496 Consolidated with 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In Buenrostro-Mendez, the Fifth Circuit addressed a statutory interpretation issue presented by a class of noncitizens. 2026 WL 323330, *1. The noncitizens conceded they were applicants for admission, that is, aliens present within the United States who have not been admitted by lawful means. See id., citing 8 USC §§ 1225(a)(1), 1101(a)(13)(A). Thus, the government maintained that petitioners were subject to mandatory detention pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). See id. Conversely, petitioners argued "that, despite falling squarely within § 1225, they are nonetheless eligible for discretionary release on bond during removal proceedings" pursuant to 8 U.S.C. § 1226(a)(2). See id. The Fifth Circuit held that the government's position was correct and reversed the district courts' orders to provide petitioners with bond hearings or release them. See id. In light of this recent decision, this Court cannot find that Petitioner is likely to succeed on the merits of his Habeas Petition.

Additionally, as to his request that the government be prohibited from transferring him, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has failed to show a likelihood that he will be transferred to another facility, and the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order (Prohibiting Transfer) (Record Document 2) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of February, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE