**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **SEBASTIAN DIEZ GOMEZ #A245-893-134** | **CIVIL ACTION NO.  1:26-CV-00383 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **WARDEN RIVER CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. 6] filed by *pro se* Petitioner Sebastian Diez Gomez ("Gomez"), an immigration detainee at River Correctional Center in Ferriday, Louisiana.  Gomez alleges that his detention and the revocation of his supervised release are unlawful.  [Doc. 6].  He seeks release from detention or an order that he be provided with a meaningful custody hearing.

A court may order a respondent to file an answer, motion, or other response, in its discretion.  *See generally* 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases; *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008); *Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna, M.J.)[1].  And this Court has determined that a 21-day briefing schedule with seven days to reply is reasonable and appropriate in cases like this case.

Accordingly, to determine whether Gomez is entitled to relief, THE CLERK IS DIRECTED to serve a summons, a copy of the Petition [Doc. 6], and a copy of this Order, by certified mail, on: (1) the United States through the United States Attorney for the Western

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases.  *See Hickey v. Adler*, 2008 WL  835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").

1

District of Louisiana; (2) the United States Attorney General; (3) DHS/ICE through its Office of General Counsel; and (4) the Warden where Gomez is detained.

IT IS ORDERED that a Response be filed within **21 days** following the date of service, with summary judgment evidence regarding the lawfulness of Gomez's detention and revocation of his order of supervision.

IT IS FURTHER ORDERED that Petitioner shall have seven days following the filing of Respondents' answer to produce contradictory summary judgment evidence.

After the record is complete and delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

Signed at Lafayette, Louisiana on this 13th day of March, 2026.

David J. Ayo
United States Magistrate Judge

2